UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                              Case No.:   2:19-cv-32-FtM-29MRM

KATHLEEN A. SMITH, AMIR CYRUS
and MELISSA SHERMAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

    This cause is before the Undersigned on the Order to Show Cause filed on April 4, 2019 (Doc. 7).  Plaintiff, David Scott Hastings, failed to respond to the Order to Show Cause or to file an amended complaint, as required, despite receiving a total of four extensions of time to do so – two extensions granted on Plaintiff's request (Docs. 8, 9, 10, 11) and two additional extensions granted *sua sponte* by the Court (Docs. 12, 13).

    The relevant background of this case is as follows.  Plaintiff filed a Complaint on January 18, 2019, alleging a legal malpractice claim under Fla. Stat. § 95.11.  (Doc. 1 at 1-2).  The Complaint sets out three counts:  (1) Negligence under Florida Statute 95.11 as Against Defendant Cyrus; (2) Negligence Under Florida Statute 95.11 as Against Defendant Sherman; and (3) Negligent Hiring and/or Retention/Supervision Under Florida Statute 95.11 as Against

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided for convenience.  Hyperlinks to documents in CM/ECF are subject to PACER fees.  The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites.  The Court has no agreement with any of these third parties.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

Defendant Smith.  (*Id.* at 10, 14, 17).  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) at the same time as the Complaint, which was docketed and construed by the Court as a motion to proceed *in forma pauperis*, meaning without the prepayment of fees and other costs.  (*See* Doc. 2).

The Undersigned reviewed Plaintiff's Complaint under 28 U.S.C. § 1915 and entered an Order on February 19, 2019 requiring that on or before March 21, 2019, Plaintiff must file an Amended Complaint that complies with Fed. R. Civ. P. 8 because the original Complaint failed to state a claim.  (*See* Doc. 6).  When Plaintiff failed to file an Amended Complaint, the Undersigned entered an Order to Show Cause on April 4, 2019 that:  (1) required Plaintiff to show cause no later than April 25, 2019 why he failed to file an Amended Complaint as ordered; (2) required Plaintiff to file an Amended Complaint no later than April 25, 2019; and (3) warned Plaintiff that failure to comply with the Order would result in the Undersigned recommending that this action be dismissed.  (Doc. 7 at 1-2).

Plaintiff did not comply with or respond substantively to the Order to Show Cause, but he did file two motions for extension of time seeking more time in which to file an Amended Complaint.  (*See* Docs. 8, 10).  In these motions, Plaintiff explained that he had undergone surgery for medical conditions and he anticipated additional surgeries in the near term to address personal health issues.  (*Id.*).  Based on these representations, the Undersigned granted extensions of time, setting and then resetting Plaintiff's deadline for filing an Amended Complaint to May 16, 2019 and then to May 28, 2019, respectively.  (*See* Docs. 9, 11).  Plaintiff failed to file an Amended Complaint by the May 28, 2019 deadline, causing the Undersigned to *sua sponte* extend the deadline first to June 3, 2019, (*see* Doc. 12), and then later to June 25, 2019, (*see* Doc. 13).  Each *sua sponte* order extending Plaintiff's deadline to file an Amended

Complaint warned him that failure to comply would result in the Undersigned recommending that the action be dismissed. (*See* Docs. 12 at 1, 13 at1). Despite these generous, unsolicited extensions of time, Plaintiff still has not filed an Amended Complaint, and every deadline the Court has set for him to do so has lapsed as of the date of this Report and Recommendation.

As explained in the Undersigned's February 19, 2019 Order (Doc. 6), 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief. A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under Fed. R. Civ. P. 8(a), a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). A plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

As explained above, Mr. Hastings alleges legal malpractice pursuant to Fla. Stat. § 95.11, (Doc. 1 at 1-2), and the Complaint contains three counts: (1) Negligence under Florida Statute 95.11 as Against Defendant Cyrus; (2) Negligence Under Florida Statute 95.11 as Against Defendant Sherman; and (3) Negligent Hiring and/or Retention/Supervision Under Florida Statute 95.11 as Against Defendant Smith, (*id.* at 10, 14, 17).

These claims arise out of a separate criminal proceeding in the Twentieth Judicial Circuit, in and for Lee County, Florida.  (*See generally* Doc. 1).  Specifically, in 2014, Mr. Hastings pleaded guilty to one charge of aggravated stalking of his estranged wife and received a 48-month probationary term.  (*Id.* at 4).  The aggravated stalking charge was alleged to have been "in violation of a Final Judgment for Protection that had *never been served* on the Plaintiff." (*Id.* at 3) (emphasis in original).  In 2017, a warrant for violation of probation was issued for a misdemeanor violation.  (*Id.* at 7).  Mr. Hastings was arrested while he was on business in Idaho and extradited to Lee County, Florida.  (*Id.*).  The Lee County Public Defender's Office was appointed to represent him, namely, Kathleen Smith, as the Public Defender, and Amir Cyrus and Melissa Sherman, as Assistant Public Defenders.  (*See id.* at 7-9).

Mr. Hastings argues that: (1) Defendant Cyrus failed to properly investigate his case, failed to properly engage in discovery, and failed to file various motions; (2) Defendant Sherman failed to file a motion to vacate sentence pursuant to Fla. R. Crim. P. 3.850; and (3) Kathleen Smith, as the Public Defender for the Twentieth Judicial Circuit, and her assistant public defenders failed to properly investigate his case and file various motions, and that due to her negligent hiring and supervision, Mr. Hastings was subjected "to great physical and emotional pain, suffering, humiliation, suffered extensive economic damages and deprived of his constitutional rights and all other damages associated with this claim." (*Id.* at 10-22).

After a careful review of the Complaint, as set forth in the Undersigned's February 19, 2019 Order (Doc. 6) and herein, the Undersigned finds that Mr. Hastings has failed to show how the allegations in the Complaint amount to a cognizable claim in federal court.  *See Twombly*, 550 U.S. at 561-63.  First, Mr. Hastings brings all claims under Fla. Stat. § 95.11.  Section 95.11 does not create a civil cause of action but instead governs the statute of limitations for actions

4

other than for the recovery of real property.  Thus, Mr. Hastings cannot state a claim under this section.

Moreover, "[u]nder Florida law, a plaintiff must plead the following elements to state a claim for legal malpractice: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client." *Nova Cas. Co. v. Lucia*, No. 809-CV-1351-T-30AEP, 2009 WL 2579313, at *2 (M.D. Fla. Aug. 19, 2009) (citing *Law Office of David J. Stern, P.A. v. Security Nat'l Serv. Corp.*, 969 So. 2d 962, 969 (Fla. 2007)).  However, Florida law requires that "one who brings a cause of action for legal malpractice in a criminal prosecution must first 'obtain appellate or postconviction relief.'" *Garcia v. Diaz*, No. 17-10841, 2018 WL 5793430, at *4 (11th Cir. Nov. 5, 2018) (quoting *Steele v. Kehoe*, 747 So.2d 931, 933 (Fla. 1999)).  While Mr. Hastings alleges that he has both directly appealed his violation of probation and filed a postconviction motion, Mr. Hastings has not stated whether he has obtained either appellate or postconviction relief. (*See* Doc. 1 at 10).

In addition, Plaintiff failed to comply with the February 19, 2019 Order to file an Amended Complaint (Doc. 6), the April 4, 2019 Order to Show Cause (Doc. 7), the April 25, 2019 Order extending time (Doc. 11), the June 3, 2019 Order extending time *sua sponte* (Doc. 12), and the June 25, 2019 Order extending time *sua sponte* (Doc. 13).  Under M.D. Fla. R. 3.10(a), "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."  Here, Plaintiff did not comply with the February 19, 2019 Order (Doc. 6), the April 4, 2019 Order to Show Cause (Doc. 7), the April 25, 2019 Order extending time (Doc.

5

11), the June 3, 2019 Order extending time *sua sponte* (Doc. 12), or the June 25, 2019 Order extending time *sua sponte* (Doc. 13), and he still has not filed an Amended Complaint.  Thus, it appears that Plaintiff has failed to prosecute this action.

For the foregoing reasons, the Undersigned finds and respectfully recommends that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and this action should be dismissed.

Accordingly, the Undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, construed as a motion to proceed *in forma pauperis*, (Doc. 2) be **DENIED**.
2. This action be dismissed for failure to comply with the Court's repeated orders as detailed above and for failure to prosecute.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 19, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties